IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD J. ALSTEEN, JR.,

                          Plaintiff,

        v.

CITY OF WAUSAU P.D.,
EVERST METRO POLICE DEPARTMENT,                      OPINION and ORDER
COUNTY OF MARATHON SHERIFF'S
DEPT., PARKS DEPT., LIBRARY,                             22-cv-743-wmc[1]
ASPIRUS HEALTH GROUP,
WAUSAU HOSPITAL, WHYDAM
RESORTS AND MOTELS, MOTEL 6,
RELIANCE INN, and JEFF RICES
ANTIQUES,

                          Defendants.

Pro se plaintiff Richard J. Alsteen, Jr. alleges that he has been harassed and mistreated since his release from federal prison. He seeks leave to proceed in forma pauperis. The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Alsteen's complaint must be dismissed because it violates the Federal Rules of Civil Procedure, but I will give him an opportunity to file an amended complaint that addresses the problems identified in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

ALLEGATIONS OF FACT

Alsteen was convicted of a federal offense in 2006. Since his release from prison, he contends that he has been harassed and mistreated by law enforcement, county park and library employees, hospital employees, hotel employees, and the owner of an antiques store.

While camping in Marathon County parks, Alsteen claims that his property was stolen and that "items" were placed in or near campsites "to cause items or [the] area to be unsafe." Dkt. 1 at 5. He also contends that he and his service dog were harassed with the "excessive use of" law enforcement, that his complaints of theft, violence, and drug use were ignored, and that he was left out in the elements in a tent while other campers were told to seek shelter in the ice arena during inclement weather. *Id.*

As for the Wausau Police Department, the Marathon County Sheriff's Department, and the Everst Metro Police Department, Alsteen generally alleges that he was not taken seriously when he asked for help. He also refers to "being talked about at shift briefs," being tracked and pulled over without reason, being poisoned and drugged and taken against his will to various health care facilities, the planting of evidence, his service dogs being injured, police taking his items, and that his security cameras and personal devices were "hocked." *Id.* at 6.

Alsteen says that when he stayed at various hotels, the owners, managers, and employees, as well as strangers, would come into his room without permission. His medications and food were tampered with, his vehicles and his identity were stolen, and copies were made of his keys and I.D. cards. He also found hidden cameras and listening devices. While staying at a Days Inn, he was drugged and taken against his will to the Wausau Aspirus Hospital. Alsteen does not know what happened to him there, but he was released a few hours later and

returned to the hotel where he learned that the manager and night attendant had allowed people to go through his belongings.

Alsteen alleges incidents at the Wausau library as well. His belongings were stolen and items were planted in his backpack. Staff refused to review video camera footage of these incidents and once had law enforcement intimidate, threaten, and harass him after he caught staff "trying to go into [his] backpack." *Id.* at 10.

At some point, Alsteen had antiques for sale in Rice's Antiques. After several pieces were stolen, Wausau police declined to take a report from Alsteen. Although police would have accepted a report from the owner, the owner refused to make a report.

## ANALYSIS

There are two fundamental problems with Alsteen's complaint that require its dismissal. First, Federal Rule of Civil Procedure 8 requires fair notice to each defendant about what he or she did wrong. Alsteen names businesses, hospitals, a county library, and police and county departments as defendants. He groups his allegations by entity, but generally describes what happened to him, and refers to staff without describing what actions he believes each of these individuals took to violate his rights, so I cannot infer any person's liability under 42 U.S.C. § 1983. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003) (a defendant must have some personal involvement in the constitutional deprivation to be liable under § 1983). Also, although Alsteen refers to a store owner and a hotel manager and night attendant, I cannot assume that he means to sue individuals who are not named in the caption or otherwise identified as a defendant. Alsteen must name each defendant in the caption and explain in the complaint how each defendant was personally involved in violating his rights.

Second, Alsteen's complaint generally discusses a range of distinct incidents that occurred at different times, in different places and involved many different individuals. For example, Alsteen alleges that he and his service dog were mistreated while camping in Marathon County parks. Those allegations are completely unrelated to Alsteen's allegations that the owner of Rice's Antiques would not report a theft, that he was drugged and taken to a hospital against his will, that his identity was stolen by hotel employees, that law enforcement refused to help him, planted evidence and was tracking him, or that library employees tampered with his personal belongs and had him removed from the library when he asked them to view video footage, among other claims.

Alsteen cannot litigate every misdeed listed in his complaint in one lawsuit. *See* Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). That is because Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. *George*, 507 F.3d at 607. And even when claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to bring multiple claims against many different defendants in a single case. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

Because Alsteen's complaint violates these federal rules, I will dismiss the complaint without prejudice. I will give him an opportunity to file an amended complaint that addresses the problems I have described in this order.

For Alsteen's benefit, I note that he has named some improper defendants. A plaintiff can bring federal constitutional claims under 42 U.S.C. § 1983 against "[e]very person" acting under color of state law who violated the plaintiff's federally protected rights. Police and sheriff's departments are not suable entities, and county departments are generally not suable

entities separate from the counties they serve. *See Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009); *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Counties can be sued, but only if the plaintiff identifies a county policy or practice that caused the violation of his rights. *See McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011). Private companies and their employees can be sued under § 1983 only if they were acting under color of state law. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).

I cannot grant some of Alsteen's requested relief. It seems that he wants the people involved in mistreating him to be jailed, but he is not entitled to an order requiring the arrest or prosecution of any individual. *Del Marcell v. Brown Cnty. Corp.*, 680 F.3d 887, 901–02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

In drafting his amended complaint, Alsteen should again use the court's nonprisoner complaint form, which I will send him with this order. He should name everyone he wants to sue in the caption of the complaint and describe in the complaint what he believes each defendant did to violate his rights. The claims must be clearly related to each other, either because the underlying incidents were substantially similar, because they involved the same individual defendants, or because the incidents were causally related to each other. If Alsteen wishes to pursue additional unrelated claims, he will need to file them as separate cases. But Alsteen should consider carefully whether he would be able to litigate multiple suits at the same time. The amended complaint will act as a complete substitute for the complaint and this case will proceed on only the allegations made and claims presented in the amended complaint. I

will screen those allegations to determine whether they state a claim upon which relief may be granted. If Alsteen does not provide an amended complaint by the date below, the case will be dismissed for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to comply with Federal Rules of Civil Procedure 8 and 20.

2. Plaintiff may have **March 30, 2023**, to file an amended complaint that addresses the problems identified in this order. If plaintiff does not respond, I will dismiss this case.

3. The clerk's office is directed to send plaintiff a copy of this order along with a copy of the court's nonprisoner complaint form.

Entered March 9, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge