IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD J. ALSTEEN, JR.,

                Plaintiff,

    v.

CITY OF WAUSAU P.D.,
EVERST METRO POLICE DEPARTMENT,
COUNTY OF MARATHON SHERIFF'S
DEPT., PARKS DEPT., LIBRARY,
ASPIRUS HEALTH GROUP,
WAUSAU HOSPITAL, WHYDAM
RESORTS AND MOTELS, MOTEL 6,
RELIANCE INN, and JEFF RICES
ANTIQUES,

                Defendants.

OPINION and ORDER

22-cv-743-wmc[1]

---

    I dismissed pro se plaintiff Richard J. Alsteen, Jr.'s original complaint for its failure to comply with Rule 8 and Rule 20 of the Federal Rules of Civil Procedure. Dkt. 5. I also noted that Alsteen had named some improper defendants and that I could not grant some of his requested relief. I gave Alsteen an opportunity to file an amended complaint that fixed the problems I identified in my order.

    Alsteen has not done so. His response indicates that "the above named agencies, businesses or persons" have violated his "4–8 Amendment[ ]" and Fourteenth Amendment rights. Dkt. 6 at 2. That general statement does not provide fair notice to each defendant about what they did wrong as Rule 8 requires. And although Alsteen refers to his original complaint, I have explained why he could not proceed on those allegations. So, I will dismiss Alsteen's

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

amended complaint for failing to comply with Rule 8 and for failing to state a claim upon which relief can be granted. But I will give him a final opportunity to file an amended complaint that fixes these problems.

Alsteen also notes that some "agencies" have not been responsive to his requests for complaint forms and information and asks the court to appoint him an attorney. *Id.* at 3. I will deny his request. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. I can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must first establish that he has made reasonable efforts to locate an attorney on his own. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). To meet this threshold requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Alsteen has not done so, and that is reason enough to deny his request.

But because Alsteen has not yet been granted to leave to proceed on any claim, it is also far too soon to tell whether this case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. Although I am dismissing Alsteen's amended complaint, he has not shown that he needs a lawyer to file an amended complaint that complies with my order. A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Alsteen should focus on a single incident or a series of clearly related incidents and explain how the people involved violated his rights. If Alsteen does not

know the name of a person who he believes violated his rights, he may refer to that person in the caption and in the complaint as John Doe or Jane Doe as appropriate.

I will give Alsteen a final opportunity to file an amended complaint that complies with the Federal Rules. If Alsteen does not file an amended complaint by the date indicated below, I will dismiss this case.

## ORDER

IT IS ORDERED that:

1. Plaintiff's amended complaint is DISMISSED and his request for counsel is DENIED. Dkt. 6.

2. Plaintiff may have until **April 18, 2023,** to file an amended complaint that complies with the Federal Rules of Civil Procedure. Alsteen must file his complaint on the court's nonprisoner complaint form, which the court will send him with this order.

3. If plaintiff does not file an amended complaint by **April 18**, I will dismiss this case.

Entered April 6th, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge