IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD J. ALSTEEN, JR.,

                Plaintiff,

    v.

CITY OF WAUSAU P.D.,
EVERST METRO POLICE DEPARTMENT,
COUNTY OF MARATHON SHERIFF'S               ORDER
DEPT., PARKS DEPT., LIBRARY,
ASPIRUS HEALTH GROUP,                        22-cv-743-wmc[1]
WAUSAU HOSPITAL, WHYDAM
RESORTS AND MOTELS, MOTEL 6,
RELIANCE INN, and JEFF RICES
ANTIQUES,

                Defendants.

---

      I dismissed pro se plaintiff Richard J. Alsteen, Jr.'s original and amended complaints for their failure to comply with Rule 8 and Rule 20 of the Federal Rules of Civil Procedure, among other reasons. Dkt. 5, 7. I have given Alsteen two opportunities to file an amended complaint that fixed the problems I identified in my prior orders.

      Alsteen's second amended complaint also fails to comply with Rule 8. He indicates that from 2006 to present he "was harassed, was not given equal treatment" and suffered "defamation of [his] character" in the Marathon County Courthouse and its library and parks, and in the City of Wausau because "of the organization [he] once belonged to." Dkt. 8 at 2–3. I have explained to Alsteen that such general statements do not identify any individual defendant or provide fair notice about what they did wrong as Rule 8 requires.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

Alsteen has failed to submit an amended complaint that fixes or shows an attempt to fix the problem I have twice explained how to correct. Because his allegations again fail to contain enough information to state a claim, I conclude that it would be futile to allow Alsteen a third opportunity to file an amended complaint and I will dismiss this lawsuit. *See Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should dismiss case for failure to state a claim upon which relief may be granted after plaintiff fails to correct a pleading that violates Rule 8).

ORDER

IT IS ORDERED that:

1. This lawsuit is DISMISSED for plaintiff's failure to state a claim upon which relief can be granted.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered April 20, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge